UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW POWELL, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL COOK, et al., <br><br> Defendants. | CAUSE NO.: 3:22-CV-179-JD-MGG |

OPINION AND ORDER

Andrew Powell, a prisoner proceeding without a lawyer, was ordered to show cause why he had not paid the initial partial filing fee as ordered by the court. (ECF 10.) Shortly after the order issued, the initial partial filing fee was received. (ECF 11.) Accordingly, the court will proceed to screen the complaint.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Powell is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Powell is an inmate at Miami Correctional Facility ("MCF"). He alleges that on September 27, 2021, he was walking to a class when he was stopped by Sergeant Michael Cook. The sergeant asked to see his identification, which Mr. Powell claims he showed him. Mr. Powell then attempted to walk away, but claims that without warning and for no reason, Sergeant Cook pulled out his mace and sprayed him in the face. He was then handcuffed and put by Sergeant Cook in a hot shower, which caused further pain from the mace as it ran down his face to the rest of his body.

After the shower, he was taken to the segregation unit. During the move, his egg crate mattress, which had been given to him by medical staff because of ongoing back problems, was lost or stolen. He claims that he asked Lieutenant Cardy, Sergeant Snow, Sergeant Kapp, Captain Bennett, and Unit Team Manager Angle (first names unknown) about replacing the mattress, but they didn't respond in a timely fashion. He claims that because of their inaction he had to sleep on a steel bed for four days, which exacerbated his back problems and caused him pain and suffering.[1] Based on these events, he sues Sergeant Cook, Lieutenant Cardy, and MCF Warden William Hyatte, seeking monetary damages and other relief.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

---

[1] The only one of these individuals he names as a defendant is Lieutenant Cardy.

2

(citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Mr. Powell the inferences to which he is entitled at this stage, he has plausibly alleged that Sergeant Cook used more force than was necessary under the circumstances. Specifically, he alleges that even though he was not doing anything wrong, Sergeant Cook sprayed him in the face with mace, causing pain and burning. He further alleges that the sergeant placed him in a hot shower rather than allowing him to rinse his face with cold water, which caused him additional pain. Mr. Powell alleges enough to proceed past the pleading stage on a claim for damages under the Eighth Amendment.[2]

Mr. Powell attached a cover letter to his complaint in which he states that he wishes to notify the court that Sergeant Cook has been taunting him since this incident. (ECF 1-2.) Specifically, he states Sergeant Cook and another correctional officer with whom Sergeant Cook is friends have been coming to his cell and saying "stupid stuff" about how Mr. Powell got "knock[ed] out" during the incident on September 27, 2021, and also threatening to "get" him on disciplinary charges. It is not clear if Mr. Powell

---

[2] It appears from the complaint that Mr. Powell was charged with assaulting Sergeant Cook as a result of this incident, but it is not clear precisely what he was accused of doing, how the charge was resolved, or what sanction, if any, was imposed. If Mr. Powell was found guilty of assaulting Sergeant Cook and a sanction was imposed that lengthened the duration of his custody, he would have to challenge it in a habeas petition. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, he could not assert any claim in this civil lawsuit that conflicted with the guilty finding in the disciplinary case unless the guilty finding was vacated or overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). Given the ambiguity in the complaint, these issues will have to be determined at a later stage.

intended to assert a claim related to this issue, but this type of verbal harassment, while certainly unprofessional, does not amount to an Eighth Amendment violation. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Mr. Powell expresses concerns that Sergeant Cook may step up the alleged harassment now that this lawsuit has been filed. If that occurs and Mr. Powell believes himself to be in danger, he is free to seek immediate injunctive relief from the court.

As for his claim about the egg crate mattress, he does not plausibly allege that Sergeant Cook had any involvement in this matter and instead mentions Lieutenant Cardy and a number of other prison staff in connection with his allegations about the mattress. Unrelated claims against defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.* The court must take particular care to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the

4

Prison Litigation Reform Act ("PLRA"). *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

Therefore, Mr. Powell's unrelated claim regarding the mattress will be dismissed without prejudice to his bringing it in a separate lawsuit should he choose to do so. *See Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) ("When screening prisoners' complaints . . . courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined."); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Any new case he files will be subject to the usual constraints of the PLRA, including payment of a filing fee. *See* 28 U.S.C. § 1915(b).

He also names Warden Hyatte as a defendant, but it is not clear whether he is suing Warden Hyatte in connection with the mace incident or the mattress issue. Assuming the Warden is named in connection with the mace incident, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for the actions of Sergeant Cook solely because he holds a supervisory position at the prison. *Mitchell*, 895 F.3d at 498; *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory prison officials can be held liable for a constitutional violation committed by a subordinate only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019.) There are no allegations in the complaint from which the court can plausibly infer that the Warden was personally involved in the incident with Sergeant Cook or that he

5

approved of or facilitated Sergeant Cook's alleged use of excessive force. He will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Michael Cook in his personal capacity for monetary damages for using excessive force against him on or about September 27, 2021, by spraying him with mace and placing him in a hot shower in violation of the Eighth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the plaintiff's unrelated claim against Lieutenant Cardy about his mattress;

(3) DISMISSES William Hyatte as a defendant;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Michael Cook at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS Sergeant Michael Cook to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT