UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW L. POWELL,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-179-JD-JPK

MICHAEL COOK,

    Defendant.

## OPINION AND ORDER

Andrew L. Powell, a prisoner without a lawyer, is proceeding in this case "against Sergeant Michael Cook in his personal capacity for monetary damages for using excessive force against him on or about September 27, 2021, by spraying him with mace and placing him in a hot shower in violation of the Eighth Amendment[.]" ECF 12 at 6. Sgt. Cook filed a motion for summary judgment, arguing Powell did not exhaust his administrative remedies before filing this lawsuit. ECF 18. Powell filed a response. ECF 33. Sgt. Cook has not filed a reply, and the time for doing so has expired. ECF 35. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in

actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Sgt. Cook argues Powell did not exhaust his administrative remedies before filing this lawsuit because he submitted only one relevant grievance which was properly rejected by the grievance office. ECF 19 at 4-5. Specifically, Sgt. Cook provides evidence Powell submitted a grievance on February 28, 2022, complaining he was harassed by Sgt. Cook that same day. ECF 18-5 at 2. Powell left blank the portion of the grievance form stating the relief sought. *Id.* The grievance office rejected Powell's February 28 grievance as incomplete, and instructed Powell he could correct and resubmit the grievance form within five business days. *Id.* at 1; *see* ECF 18-2 at 9 (providing the Grievance Specialist may reject a grievance form if "[e]ach part of the form" is not completed). However, Powell never corrected and resubmitted this grievance. ECF 18-1 at 7. Because Powell does not dispute any of these facts, the court accepts as undisputed that Powell did not fully exhaust his February 28 grievance. The Grievance Specialist attests the grievance office has no record of receiving any other relevant grievances from Powell relating to his complaint against Sgt. Cook. *Id.*

In his response, Powell does not address his rejected February 28 grievance. ECF 33. Instead, he argues his administrative remedies were unavailable because he submitted a different grievance on September 29, 2021, complaining of Sgt. Cook's conduct, but never received any response from the grievance office. *Id.* at 1. Specifically, Powell asserts that he provided this grievance to his caseworker to submit to the grievance office. *Id.* After thirty days went by without any response, Powell asked his

caseworker if the grievance had been submitted to the grievance office, and his caseworker responded that it had. *Id.* Nevertheless, Powell never received any receipt or response to his September 29 grievance from the grievance office. *Id.* Powell argues that, because his September 29 grievance was never processed by the grievance office, he could go no further in the grievance process and had no further remedies to exhaust. *Id.* at 2.

    Here, accepting as true that Powell submitted a grievance to his caseworker on September 29 and never received any receipt or response from the grievance office, the undisputed facts show Powell still had available administrative remedies he did not exhaust. Specifically, the Offender Grievance Process provides that: "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 18-2 at 9. Powell provides no evidence he complied with this requirement. Instead, he waited thirty days to inform his caseworker, not the Offender Grievance Specialist, that he had not received a response to his grievance. Because Powell provides no evidence he complied with the Offender Grievance Process' requirement to notify the grievance office of the lack of response to his September 29 grievance, the undisputed facts show he had available administrative remedies he did not exhaust before filing this lawsuit. Summary judgment must be granted in favor of Sgt. Cook.

4

For these reasons, the court:

(1) GRANTS Sgt. Cook's motion for summary judgment (ECF 18); AND

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Cook and against Andrew L. Powell and to close this case.

SO ORDERED on July 18, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT